# Wytheville

## STATE DENTISTS, INCORPORATED v. CHESTER B. GIFFORD, ET ALS.

June 10, 1937.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*George E. Allen* and *Cliff R. Skinner*, for the appellant.

*Abram P. Staples, Attorney-General*, and *Christian, Barton & Parker* and *W. W. Venable*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

State Dentists, Incorporated, was chartered by the State Corporation Commission of Virginia on July 9, 1929, under

the name of "Doctors Thomas and Ford, Dentists, Incorporated," for the following stated purposes:

"The purposes for which it is formed are to employ competent licensed dentists, to engage in the business of dentistry and surgical dentistry, to perform dental operations of all kinds, diagnose and treat diseases or lesions of the oral cavity, teeth, gums, maxillary bones, to extract teeth, repair and fill cavities in teeth; to correct malposition of teeth or jaws; to engage in the manufacture, sale and setting of artificial teeth; to own and operate a dental laboratory, and to do any and all acts and incidental things not herein specifically enumerated that may be necessary, desirable and convenient for the purpose of the corporation above set out."

By appropriate amendments to its charter the name of the corporation was changed to "Warwick Dental Parlors, Incorporated," on October 17, 1929, and to "State Dentists, Incorporated," on June 23, 1932.

In neither of these amendments was any change made in the purposes for which the corporation was chartered.

At present the corporation is operating with offices at Newport News, Portsmouth, and Norfolk, and employs a number of dentists, duly qualified and licensed by the Virginia State Board of Dental Examiners.

Up to June 18, 1936, the corporation had advertised extensively through the newspapers the prices, terms or fees charged for professional services, free dental examinations of and guaranteed satisfactory dental work to all who sought its services. Such advertisements contained, as a part thereof, photographic cuts of teeth or bridge work.

By an act effective on the date last mentioned, Acts of 1936, ch. 82, p. 105, the General Assembly amended Code, section 1649, empowering the State Board of Dental Examiners to revoke or suspend the certificate and license of any licensed dentist for advertising, among other things, such matters and in such manner as above described.

The corporation filed its bill of complaint in the court below seeking to enjoin Chester B. Gifford and others, members of the State Board of Dental Examiners, from the threat-

ened revocation or suspension of the licenses of its dentist-employees because of its continuing to advertise contrary to the terms of the said act. The bill alleged that the said act was repugnant to both the Federal and State Constitutions, and was therefore null and void.

In a written opinion the lower court held (1) that the said act was constitutional, and (2) that by securing the amendment to its charter on June 23, 1932, changing its corporate name, the corporation had forfeited its right to conduct the business for which it had been chartered. From a decree dismissing the bill of complaint on these grounds, this appeal has been taken.

In its petition for appeal the corporation makes three contentions:

1. The Act of 1936, prohibiting the advertising of the matters aforesaid, is unconstitutional and void;

2. The act does not prohibit the advertising of such matters by a corporation, and hence the Board of Dental Examiners has no authority to revoke the licenses of the employees of the corporation because of such advertising by the latter;

3. That by accepting the amendment to its charter, merely changing its corporate name, the corporation has not forfeited the right to carry on the business for which it was chartered.

In *Goe* v. *Gifford, ante,* page 497, 191 S. E. 783, decided at this term, we have held that the Act of 1936, prohibiting the advertising of the matters aforesaid, does not contravene either the Federal or State Constitution. What we said there applies here and need not be repeated.

Nor is there any merit in the contention that the licenses of the dentist-employees of the corporation may not be forfeited by reason of the corporation's advertising such matters as are prohibited by the statute. While the act does not in so many words prohibit the advertising by a corporation which is practicing dentistry or employing dentists to practice for it, it does prohibit such advertising by the dentist-employees themselves. Certainly the General Assembly never intended that these employees might do indirectly—through

a corporation—that which they are not permitted to do directly as individuals.

The serious question in the case is whether the trial court was correct in holding that the appellant corporation, by accepting the amendment to its charter in 1932, changing its corporate name, has forfeited its right to continue the functions for which it was chartered, namely, the practice of dentistry.

The determination of this question depends upon the proper interpretation of the following language in the Act of 1930, ch. 184, p. 485, amending Code, section 1653, the pivotal portion of which is italicized:

"Section 1653. No corporation shall hereafter be formed, and no foreign corporation shall be domesticated in the State, for the purpose of practicing or offering or undertaking to practice dentistry, and no charter shall hereafter be granted for said purposes or any of them, and no foreign corporation shall be permitted to file its charter in this State, so as to empower it to do business, if any of said powers are included therein. No charter hereafter granted in this State shall authorize or empower any person to practice dentistry as proprietor, officer, agent or employee of a corporation except as herein provided or authorize the employment for hire or other remuneration or gain, of any person for the purpose of practicing dentistry.

"No person shall practice or continue to practice dentistry, or offer or undertake to practice, or hold himself out or continue to hold himself out as practicing dentistry, under any firm name or trade name or under any other name than his own true name; provided, that nothing herein contained shall prohibit the practice of dentistry by a partnership under a firm name containing nothing but the name of every member of said partnership; and *provided further that nothing herein contained shall be construed to prevent the continued use of the name of any corporation heretofore legally chartered under the laws of this State, and at present engaged in the proper conduct of its business from continuing its said business in accordance with the provisions of sections sixteen hundred*

and fifty-two and sixteen hundred and fifty-three of the Code of Virginia, as they existed the day before the sections in this act take effect; * * *." (Italics ours).

It is argued on behalf of the appellees, and the trial court so held, that it is the plain purpose of the Act of 1930 to put a stop to the practice of dentistry by corporations, which is generally regarded to be contrary to public policy; that the legislature has reluctantly permitted a corporation already practicing at the time of the passage of the act to continue such practice only by retaining the corporate name under which it was then doing business; and that by accepting the amendment to its charter in 1932, changing its name, the appellant corporation has, according to the intent of the act, forfeited the right to continue its practice of dentistry.

Whatever may have been the policy in other States, it can not be questioned that the General Assembly of Virginia has expressly recognized the right of a corporation to practice dentistry since the Acts of 1914, ch. 311, p. 533. Furthermore, it is a matter of common knowledge that other corporations have been chartered for that purpose under the laws of Virginia and have been so engaged in this State. United Dentists, Inc. v. Commonwealth, 162 Va. 347, 173 S. E. 508.

Section 10 of the Act of 1914, entitled "Regulating Dental Corporations," was carried into section 1652 of the Revised Code of 1919. It required "Any association, or company of persons, whether incorporated or not, who shall engage in the practice of dentistry under the name of company, association, or any other title," to conspicuously display at the entrance of the place of business the name of each and every person employed by said company or association in the practice of dentistry.

Section 11 of the act was carried into section 1653 of the said Code of 1919, and required "Every person or corporation who is the proprietor of, or who controls any dental office or parlors, doing business in this State," to promptly report to the State Board of Dental Examiners the name or names of all registered dentists in his or its employment.

These sections remained unchanged until the Acts of Assembly of 1930, ch. 184, p. 479, which made many changes in the regulations pertaining to the practice of dentistry.

One of the most drastic of these changes was the rewriting of Code, section 1653. The portion of the amendment to this section, quoted above, obviously had two objects in view. By the first paragraph the General Assembly prohibited the creation thereafter of a corporation for the purpose of practicing dentistry.

Plainly it was the purpose of the second paragraph of this section, as amended, to require a dentist to practice in his own name and to prohibit his using a trade name. The language is: "No person shall practice * * * or hold himself out or continue to hold himself out as practicing dentistry, under any firm name or trade name or under any other name than his own true name."

Then follow two saving clauses. The first is in favor of a partnership, which is allowed to practice under a name containing "nothing but the names of every member of said partnership." The next is in favor of a corporation, which is allowed "the continued use of the name of any corporation heretofore legally chartered under the laws of this State, and at present engaged in the proper conduct of its business," etc.

It will be observed that there is no requirement that the corporation shall use *only the name* authorized before the passage of the Act of 1930. The permission granted is the "continued use of the name of *any* corporation heretofore chartered," etc.

Here the appellant has continued the use of the name of a corporation heretofore chartered under the laws of this State. It is true the name has been changed, but it is still the name of the corporation heretofore legally chartered,—the name given to it by the proper authority, namely, the State Corporation Commission.

The corporation, with respect to its identity, rights, privileges and obligations, is exactly the same as before the amendment changing its name.

There is no contention that the corporation, by accepting

any other amendment to its charter than that changing its name, would have forfeited any of its rights. Compare Constitution, section 158; Code, section 3852 (as amended by Acts 1920, ch. 16).

Granting that the legislature intended, as the appellees argue, that such corporation must continue to use the name under which it was doing business at the time of the passage of the act, it is pertinent to inquire what would be its status if it should now, by proper amendment to its charter, reassume that name? Would it not then be entitled to continue its functions even under the most technical interpretation of the language under review?

Certainly there is no express provision in the act that the mere change in the name of such a corporation worked a forfeiture of its charter rights.

Nor do we find in the purpose of the act any underlying reason to support this contention of the appellees. Clearly, we think, the language under examination was intended as a saving clause in favor of such corporations, and not in derogation of their rights.

■ From what we said in *Goe* v. *Gifford*, decided at this term, we know that the State has the right, in the exercise of its police power, to regulate the practice of dentistry. Whether this power extends so far as to permit the State to arbitrarily withdraw from a corporation the right previously granted to it to practice dentistry, we need not decide. The saving clause here under review is proof that the legislature had some doubt as to whether it could or should put such existing corporations out of business.

■ But even assuming that the State has the power to do so, certainly it should withdraw this valuable right once granted to a corporation only by clear and unmistakable language, which is, to say the least, wanting here.

■ Accordingly we think the trial court erred in its conclusion that the appellant corporation, by accepting the amendment to its charter, forfeited the right to carry on its business as authorized by its certificate of incorporation.

The decree appealed from will, therefore, be modified so

as to hold that the complainant below (the appellant here) is not entitled to the relief prayed for, and for that reason its bill of complaint should be and is dismissed, and as so modified will be affirmed. It is so ordered.

*Modified and affirmed.*

GREGORY, J., dissenting.